ORIGINAL

FILED IN OPEN COURT
U.S.D.C. Atlanta

DEC 0 2 2025

Kevin P. Weimer, Clerk
By: _____
Deputy Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Criminal Indictment |
| SHARON HENDERSON | No.   1 25 - C R - 5 2 0 |

THE GRAND JURY CHARGES THAT:

### Introduction

At all times material to this Indictment:

1. The defendant, SHARON HENDERSON, lived in the Northern District of Georgia.

2. In February 2020, HENDERSON submitted a Declaration of Intention to Accept Campaign Contributions to seek office as the Georgia State House Representative for District 113. HENDERSON successfully won the November 3, 2020, election and was sworn in as the Georgia State House Representative for District 113 on or about January 11, 2021.

3. Unemployment Insurance (UI) was a joint state and federal program that provided monetary benefits to eligible beneficiaries. UI payments were intended to provide temporary financial assistance to lawful workers who were unemployed through no fault of their own.

4. Beginning in or around March 2020, and in response to the COVID-19 pandemic, the Pandemic Unemployment Assistance Program (PUA) program

was created to provide federally-funded unemployment-related benefits to those whose employment was affected by COVID-19 but who were ineligible to receive regular UI benefits, such as those who were self-employed, gig workers, and 1099 independent contractors. To qualify for PUA, individuals had to first apply for and be denied UI benefits.

5. Additionally, federal supplements were available to those receiving UI or PUA benefits, including the Federal Pandemic Unemployment Compensation (FPUC), and the Lost Wages Assistance Program (LWAP).

6. In the State of Georgia, the Georgia Department of Labor (GA-DOL) administered the UI and PUA programs, along with the FPUC and LWA supplements, and the United States Department of Labor provided oversight and federal-level administration of the programs.

7. Those seeking UI c ; if applicable, PUA benefits submitted online applications. Applicants had to answer specific questions to establish eligibility to receive UI or PUA benefits, including their name, work history, and mailing address, among other things. PUA applicants additionally had to self-certify that they met a COVID-19-related reason for being unemployed, partially employed, or unable to work and provide information about their 2019 earnings. Benefits were awarded on a weekly basis, and applicants were required to provide certifications for every week for which they wished to collect benefits.

8. The GA-DOL relied on the information in the applications to determine eligibility for UI and PUA benefits. Once an application was approved, UI or

2

PUA benefits were most often issued either through a direct deposit into a designated account or a transfer to a pre-paid debit card.

9. On or about May 4, 2020, while running for office, HENDERSON applied for UI benefits. HENDERSON was subsequently determined to be ineligible to receive UI benefits, and her application was denied.

10. On or about June 25, 2020, HENDERSON applied for PUA benefits. In the PUA application she disclosed one employer — Henry County Schools — and stated that she last worked for that employer on March 10, 2020; had earned wages from that employer in every quarter of 2019; and had paystubs as evidence of that employment. She stated that the reason she applied for PUA was that "My place of employment is closed as a direct result of the COVID-19 public health emergency," and that she had documentation as proof that she was unemployed due to COVID-19. She certified that "the information provided is true and correct to the best of my knowledge and belief. I understand the law prescribes penalties, possible forfeiture of assistance, and/or criminal prosecution for misrepresentation or concealment of facts in order to obtain or increase assistance for myself or someone else."

11. In reality, HENDERSON had not worked as a substitute teacher for Henry County Schools since 2018, when she worked only five days (October 29 and 30, and November 1, 2, and 7); had not worked for Henry County Schools on any other days in 2018, 2019, or 2020; and did not have paystubs from employment with Henry County Schools in 2019.

3

12. In connection with her earlier employment with Henry County Schools, on or about October 19, 2018, HENDERSON signed a Substitute Teacher Agreement that stated, "Substitute teachers must work at least 3 days per semester to remain on the active sub list," and that "Substitute Teachers are not eligible to draw unemployment wages."

13. HENDERSON periodically submitted online certifications for every week for which she requested PUA benefits. In each of those certifications she stated that she had not earned any wages for the week; was "able, available and actively seeking work during" the week; and was "unable to reach my place of employment because of a quarantine imposed as a direct result of the COVID-19 public health emergency." She submitted such certifications for weeks in February 2020 through January 2021. She submitted eight of those certifications (for weeks in February, March, and December 2020, and January 2021) on or about June 16, 2021, while she held office as Georgia State House Representative for District 113. In reality, HENDERSON had not attempted to work with Henry County Schools since November 2018. As a result of the certifications HENDERSON collected a total of $17,811 of PUA benefits and federal supplements.

### Count One
(18 U.S.C. § 641 – Theft of Government Funds)

14. The Grand Jury re-alleges and incorporates by reference the factual allegations contained in paragraphs 1 through 13 of this Indictment as if fully set forth herein.

15. On or about December 1 through 3, 2020, in the Northern District of Georgia, the defendant, SHARON HENDERSON, did knowingly and willfully embezzle, steal, purloin, and convert to her own use and the use of another, money and things of value of the United States, namely, funds administered by the U.S. Department of Labor in the form of unemployment benefits, which funds HENDERSON was not entitled to receive, in violation of Title 18, United States Code, Section 641.

### Count Two
(18 U.S.C. § 641 – Theft of Government Funds)

16. The Grand Jury re-alleges and incorporates by reference the factual allegations contained in paragraphs 1 through 13 of this Indictment as if fully set forth herein.

17. On or about December 9 through 11, 2020, in the Northern District of Georgia, the defendant, SHARON HENDERSON, did knowingly and willfully embezzle, steal, purloin, and convert to her own use and the use of another, money and things of value of the United States, namely, funds administered by the U.S. Department of Labor in the form of unemployment benefits, which

5

funds HENDERSON was not entitled to receive, in violation of Title 18, United States Code, Section 641.

### Counts Three through Twelve
(18 U.S.C. § 1001 – False Statements)

18. The Grand Jury re-alleges and incorporates by reference the factual allegations contained in paragraphs 1 through 13 of this Indictment as if fully set forth herein.

19. On or about each of the dates set forth below, in the Northern District of Georgia, the defendant, SHARON HENDERSON, did knowingly and willfully make materially false, fictitious, and fraudulent statements and representations in a matter within the jurisdiction of the executive branch of the Government of the United States on internet certifications to obtain funds administered by the U.S. Department of Labor in the form of unemployment benefits for the weeks set forth below; that is, HENDERSON stated, "I am unable to reach my place of employment because of a quarantine imposed as a direct result of the COVID-19 public health emergency." The statements and representations were false because, as Defendant HENDERSON then and there knew, she had voluntarily chosen to not work since on or about November 7, 2018, for reasons unrelated to the COVID-19 pandemic and did not attempt to work during the applicable periods.

6

| Count | Certification Date | Unemployment Benefits for Weeks Ending: |
|-------|-------------------|------------------------------------------|
| 3 | December 9, 2020 | December 5, 2020 |
| 4 | January 4, 2021 | January 2, 2021 |
| 5 | June 16, 2021 | February 8, 2020 |
| 6 | June 16, 2021 | February 15, 2020 |
| 7 | June 16, 2021 | February 22, 2020 |
| 8 | June 16, 2021 | February 29, 2020 |
| 9 | June 16, 2021 | March 7, 2020 |
| 10 | June 16, 2021 | December 12, 2020 |
| 11 | June 16, 2021 | December 19, 2020 |
| 12 | June 16, 2021 | December 26, 2020 |

All in violation of Title 18, United States Code, Section 1001.

**Forfeiture**

20. Upon conviction of one or more of the offenses alleged in Counts One through Two of this Indictment, the defendant, SHARON HENDERSON, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offenses, including, but not limited to, the following:

MONEY JUDGMENT: A sum of money in United States currency, representing the amount of proceeds obtained as a result of the offenses alleged in Counts One through Two of this Indictment.

21. If, any property subject to forfeiture, as a result of any act or omission of the defendant:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the Court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

the United States intends, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of said defendant up to the value of the forfeitable property.

A    _T̶ʀᴜᴇ_    BILL

_____
FOREPERSON

THEODORE S. HERTZBERG
*United States Attorney*

GARRETT L. BRADFORD
*Assistant United States Attorney*
Georgia Bar No. 074374
600 U.S. Courthouse
75 Ted Turner Drive SW
Atlanta, GA 30303
404-581-6000; Fax: 404-581-6181