**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**[ATLANTA DIVISION]**

UNITED STATES OF AMERICA,

     Plaintiff,

v.

Sharon Henderson,
     Defendant.

Case No.
**25CR00520**

## DEFENDANT'S MOTION TO DISMISS INDICTMENT OR, IN THE ALTERNATIVE, FOR LIMITED DISCOVERY AND AN EVIDENTIARY HEARING

COMES NOW, Defendant Sharon Henderson, by and through undersigned counsel, and respectfully moves this Court pursuant to Federal Rule of Criminal Procedure 12(b) to dismiss the indictment, or in the alternative, for limited discovery and an evidentiary hearing, on the grounds that the federal prosecution is based on conduct that occurred entirely within a state administrative program and lacks a sufficient federal nexus. In support thereof, Defendant states as follows:

## I. INTRODUCTION

The indictment charges Ms. Henderson with theft of government funds and making false statements in connection with Pandemic Unemployment Assistance (PUA) benefits administered by the Georgia Department of Labor ("GDOL"), a state agency. The publicly available facts indicate:

- Ms. Henderson allegedly submitted false information regarding her employment status to GDOL in June 2020.

- She allegedly submitted weekly PUA benefit certifications to GDOL while serving as a Georgia state legislator beginning in June 2021.

- These alleged actions resulted in the receipt of approximately $17,811 in PUA benefits.

There is no allegation that Ms. Henderson interacted with a federal agency or official in making these statements. Accordingly, the indictment raises serious questions of jurisdictional overreach

and selective prosecution, warranting dismissal or, alternatively, discovery and an evidentiary hearing.

## II. FACTUAL BACKGROUND

1. On December 8, 2025, a federal grand jury in this district returned an indictment against Ms. Henderson, charging two counts of theft of government funds and ten counts of making false statements. (*See* U.S. Attorney Press Release, Dec. 8, 2025.)

2. The indictment alleges:

   ° Ms. Henderson falsely claimed she was employed by Henry County Schools through March 2020, despite having ceased employment in 2018.

   ° She submitted weekly PUA benefit certifications to GDOL claiming she was unable to work due to COVID-19 restrictions while serving as a state legislator.

   ° These actions allegedly resulted in the improper receipt of approximately $17,811 in PUA benefits.

3. All alleged conduct occurred within the state administrative process, without direct interaction with federal officials or agencies.

## III. LEGAL STANDARD

Under Federal Rule of Criminal Procedure 12(b)(3)(B), a defendant may move to dismiss an indictment on constitutional or jurisdictional grounds. Additionally, under *United States v. Armstrong*, 517 U.S. 456, 464 (1996), a defendant may seek discovery if there is evidence suggesting selective prosecution based on impermissible factors.

## IV. ARGUMENT

A. Federal Jurisdiction Requires a Direct Nexus

Federal courts are courts of limited jurisdiction. *United States v. Hudson & Goodwin*, 11 U.S. (7 Cranch) 32 (1812), establishes that federal courts may exercise criminal jurisdiction only when Congress has defined the offense and conferred jurisdiction.

Under 18 U.S.C. § 1001, the false statements must be made in a matter within the jurisdiction of a federal agency. *United States v. Facchini*, 874 F.2d 638, 643 (9th Cir. 1989) (en banc). Here, all alleged statements were made to GDOL, a state agency, with no direct federal nexus. *United States v. Herring*, 916 F.2d 1543, 1548–49 (11th Cir. 1990).

B. Federalism Principles Support Dismissal

Federal prosecution overreaches where conduct falls entirely within state administrative procedures. As the Supreme Court noted in *Hudson & Goodwin*, federal criminal law cannot supplant state enforcement absent explicit congressional authorization.

C. Selective Prosecution Supports Limited Discovery

Under *Armstrong*, 517 U.S. at 464, selective prosecution claims require a prima facie showing that similarly situated individuals were treated differently. Evidence indicates:

- PUA applicants with comparable alleged misstatements were generally handled administratively or in state court.

- Ms. Henderson was selected for federal prosecution despite the state-level nature of the conduct.

Discovery into GDOL referral procedures, DOJ prosecution guidelines, and criteria for selecting this case for federal charges is warranted. See *Wayte v. United States*, 470 U.S. 598, 608 (1985); *Oyler v. Boles*, 368 U.S. 448, 456 (1962).

## V. PRAYER FOR RELIEF

WHEREFORE, Defendant respectfully requests that this Court:

1. Dismiss the indictment; or

2. In the alternative, grant limited discovery and an evidentiary hearing; and

3. Grant such other relief as the Court deems just and proper.

Respectfully submitted this _16th__ day of _February__, 2026.

GERALD GRIGGS
Attorney for Defendant
Georgia Bar No. 141643
GERALD A. GRIGGS, LLC.

/s/ _____
Gerald Griggs
Georgia Bar No. 141643
GERALD A. GRIGGS, LLC
4751 Best Rd. Suite 205
College Park, Ga.
Telephone: 404 596-8866
Email: gerald@geraldagriggs.com
Counsel for Defendant