UNITED STATES OF AMERICA,

Case No.
**25CR00520**

     Plaintiff,

v.

Sharon Henderson,
     Defendant.

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS INDICTMENT OR, IN THE ALTERNATIVE, FOR LIMITED DISCOVERY AND AN EVIDENTIARY HEARING

COMES NOW, Defendant Sharon Henderson, by and through undersigned counsel, and respectfully submits this Memorandum of Law in Support of her Motion to Dismiss the Indictment, or in the alternative, for limited discovery and an evidentiary hearing, and states as follows:

## I. INTRODUCTION

Defendant Sharon Henderson is charged with theft of government funds and making false statements under 18 U.S.C. §§ 641 and 1001 in connection with Pandemic Unemployment Assistance ("PUA") benefits administered by the Georgia Department of Labor ("GDOL"), a state agency.

Publicly available facts indicate that:

- Ms. Henderson allegedly submitted false information regarding her employment status to GDOL in June 2020;

- She allegedly submitted weekly PUA benefit certifications to GDOL while serving as a Georgia state legislator beginning June 2021;

- These alleged actions resulted in the improper receipt of approximately $17,811 in benefits.

All conduct occurred entirely within a state administrative process, without direct involvement of federal officials. Accordingly, the indictment raises serious questions regarding jurisdictional

authority, federalism, and selective prosecution, warranting dismissal or, alternatively, discovery and an evidentiary hearing.

## II. FACTUAL BACKGROUND (PUBLICLY AVAILABLE)

1. On December 8, 2025, a federal grand jury in the Northern District of Georgia returned an indictment charging Ms. Henderson with two counts of theft of government funds and ten counts of making false statements. (*See* U.S. Attorney Press Release, Dec. 8, 2025.)

2. According to publicly reported allegations:

   ◦ Ms. Henderson falsely claimed she was employed by Henry County Schools through March 2020, despite having ceased employment in 2018 and acknowledging that substitute teachers were not eligible for unemployment benefits;

   ◦ Beginning June 2021, she submitted weekly PUA benefit certifications to GDOL claiming she was unable to work due to COVID-19 restrictions while serving as a Georgia state legislator;

   ◦ The alleged conduct resulted in the receipt of approximately $17,811 in PUA benefits.

3. No federal agency or official is alleged to have been directly misled; all alleged misstatements occurred within GDOL's state-administered system.

## III. LEGAL STANDARD

Federal Rule of Criminal Procedure 12(b)(3)(B) permits dismissal of an indictment when the prosecution violates constitutional or jurisdictional principles. Additionally, under *United States v. Armstrong*, 517 U.S. 456, 464 (1996), a defendant may obtain discovery to investigate claims of selective prosecution where there is credible evidence suggesting improper or discriminatory charging decisions.

## IV. ARGUMENT

### A. Federal Jurisdiction Requires a Direct Federal Nexus

Federal courts are courts of limited jurisdiction. As established in *United States v. Hudson & Goodwin*, 11 U.S. (7 Cranch) 32 (1812), federal courts may exercise criminal jurisdiction only when Congress has defined the offense and conferred jurisdiction.

Under 18 U.S.C. § 1001, criminal liability arises only for false statements made in a matter within the jurisdiction of a federal agency. *United States v. Facchini*, 874 F.2d 638, 643 (9th Cir. 1989) (en banc).

Here, the indictment alleges that all false statements were made to GDOL, a state agency, with no allegation of direct communication or deception of a federal official. While federal funding of PUA benefits exists, the Eleventh Circuit has recognized that federal jurisdiction must reflect a meaningful nexus to federal interests, not merely the involvement of state-administered programs. *United States v. Herring*, 916 F.2d 1543, 1548–49 (11th Cir. 1990).

## B. Federalism Principles Support Dismissal

The U.S. Constitution establishes a limited federal government, leaving residual law enforcement authority to the states. *Hudson & Goodwin*, 11 U.S. (7 Cranch) 32 (1812).

Alleged false statements made entirely within a state-administered unemployment system implicate state responsibilities. Federalizing such conduct absent direct interaction with federal agencies risks usurping state authority and expanding federal jurisdiction beyond its constitutional limits.

## C. Selective Prosecution Warrants Discovery

Even if federal jurisdiction exists, the selection of Ms. Henderson for federal prosecution implicates selective prosecution principles.

Under *United States v. Armstrong*, 517 U.S. 456, 464 (1996), a defendant may seek discovery if she presents a prima facie showing that similarly situated individuals were treated differently and that prosecution was motivated by an impermissible factor.

Evidence indicates:

- Many similarly situated PUA applicants whose alleged misstatements were processed entirely through GDOL were handled administratively or in state court;

- Ms. Henderson's case was uniquely elevated to federal prosecution.

Discovery into GDOL referral procedures, DOJ PUA prosecution guidance, and criteria for selecting this case for federal charges is warranted. See also *Wayte v. United States*, 470 U.S. 598, 608 (1985); *Oyler v. Boles*, 368 U.S. 448, 456 (1962) (establishing requirements for selective prosecution claims).

## D. Relief Requested

Defendant respectfully requests:

1.  Dismissal of the indictment; or

2.  In the alternative, limited discovery and an evidentiary hearing to investigate prosecutorial decision-making; and

3.  Any further relief the Court deems appropriate.


## V. CONCLUSION

Federal prosecution of Ms. Henderson lacks a direct nexus to a federal interest and encroaches on state administrative authority, raising serious selective prosecution concerns. For these reasons, Defendant respectfully requests that the Court dismiss the indictment, or in the alternative, order discovery and an evidentiary hearing.



Respectfully submitted this _16th__ day of _February__, 2026.


GERALD GRIGGS
Attorney for Defendant
Georgia Bar No. 141643
GERALD A. GRIGGS, LLC.


/s/ _____
Gerald Griggs
Georgia Bar No. 141643
GERALD A. GRIGGS, LLC
4751 Best Rd. Suite 205
College Park, Ga.
Telephone: 404 596-8866
Email: gerald@geraldagriggs.com
Counsel for Defendant