# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

United States of America,

v.                                          Case No. 1:25-cr-520-MLB

Sharon Henderson,

        Defendant.

_____/

## **ORDER**

Defendant Sharon Henderson filed a motion to dismiss the indictment on jurisdictional grounds or, alternatively, for limited discovery in support of a prospective selective prosecution claim. (Dkt. 21.) Magistrate Judge Cannon issued a report and recommendation, saying this Court should deny her requests. (Dkt. 29.) Defendant Henderson filed no objections.

28 U.S.C. § 636(b)(1) requires district courts to "make a de novo determination of those portions of [an R&R] to which objection is made." Any such objection "must specifically identify the portions of the [R&R] to which objection is made and the specific basis for objection."

1

*McCullars v. Comm'r, Soc. Sec. Admin.*, 825 F. App'x 685, 694 (11th Cir. 2020)[1]; *see United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009) ("[A] party that wishes to preserve its objection must clearly advise the district court and pinpoint the specific findings that the party disagrees with."). "Frivolous, conclusive, or general objections need not be considered by the district court." *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988). "It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). And, in most cases, "[a] party failing to object to [an R&R] waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." *McGriff v. Comm'r, Soc. Sec. Admin.*, 654 F. App'x 469, 472 (11th Cir. 2016). In any event, the Court may accept, reject, or modify the recommendation in whole or in part. 28 U.S.C. § 636(b)(1).

---

[1] The Court recognizes *McCullars* is unpublished and not binding. The Court cites it and other unpublished cases as instructive, nonetheless. *See Searcy v. R.J. Reynolds Tobacco Co.*, 902 F.3d 1342, 1355 n.5 (11th Cir. 2018) ("Unpublished cases do not constitute binding authority and may be relied on only to the extent they are persuasive.").

The Court finds no error—clear or otherwise—in the Magistrate Judge's determination that the federal criminal charges included in the indictment invoke the Court's subject matter jurisdiction and that Defendant Henderson has not made the requisite showing to obtain discovery or a hearing as to selective prosecution. The Court **ADOPTS** the Magistrate Judge's Report and Recommendation (Dkt. 29) and **DENIES** Defendant Henderson's Motion to Dismiss and request for discovery (Dkt 21).

**SO ORDERED** this 6th day of May, 2026.

_____

MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE

3